AUDREY STRAUSS
United States Attorney for the
Southern District of New York
By:   KIERSTEN A. FLETCHER
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | VERIFIED COMPLAINT FOR FORFEITURE |
| -v.- | : | 21 Civ. ___ |
| $4,896,000 IN UNITED STATES CURRENCY, | : | |
| Defendant *in rem*. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff United States of America, by its attorneys, AUDREY STRAUSS, United States Attorney for the Southern District of New York, and STUART M. GOLDBERG, Acting Deputy Assistant Attorney General for Criminal Matters for the United States Department of Justice Tax Division, for its Verified Complaint (the "Complaint") allege, upon information and belief, as follows:

### I.   JURISDICTION AND VENUE

1. This action is brought by the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C), seeking the forfeiture of $4,896,000 in United States Currency (the "Defendant Funds").

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture took place in the Southern District of New York.

4. The Defendant Funds constitute proceeds of mail and wire fraud, and are thus subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981 (a)(1)(C).

## II.  NATURE OF THE ACTION

5. On or about July 27, 2021, the United States Attorney's Office for the Southern District of New York and The Bank of N.T. Butterfield & Son Limited (the "Bank") entered into a non-prosecution agreement (the "Butterfield NPA," attached as Exhibit A and incorporated by reference herein).

6. As set forth in the Statement of Facts, attached as an exhibit to the Butterfield NPA and incorporated by reference herein, from at least January 1, 2001 through December 31, 2013 (the "Applicable Period"), the Bank assisted certain U.S. taxpayer-clients, including one or more taxpayers living in the Southern District of New York, to evade their U.S. tax obligations, which led them to file false federal tax returns with the Internal Revenue Service (the "IRS") and to otherwise hide from the IRS assets maintained in accounts opened for these U.S. taxpayer-clients.

7. As a result of the conduct, the Bank received approximately $4,896,000 in gross fees paid to the Bank by U.S. taxpayers with undeclared accounts.

8. U.S. taxpayer-clients of the Bank used U.S. mails, private or commercial interstate carriers, or interstate wire communications to submit individual federal income tax

returns to the IRS that were materially false and fraudulent in that these returns failed to disclose the existence of such taxpayers' undeclared accounts at the Bank or the income earned in such accounts.

### III. THE DEFENDANT-IN-REM

9. Under the Butterfield NPA, the Bank agreed to forfeit $4,896,000 representing certain gross fees paid to the Bank by U.S. taxpayers who held undeclared accounts at the Bank from January 1, 2001 through approximately December 31, 2013. The Bank agrees that the Defendant Funds are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) as proceeds of mail and wire fraud.

### IV. CLAIM FOR FORFEITURE

10. The allegations contained in paragraphs one through nine of this Verified Complaint are incorporated by reference herein.

11. Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

12. "Specified unlawful activity" is defined in 18 U.S.C. § 1956(c)(7) to include any offense under 18 U.S.C. § 1961(1). Section 1961(1) lists as offenses both mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343).

13. By reason of the above, the Defendant Funds are subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

WHEREFORE, plaintiff the United States of America prays that process issue to enforce the forfeiture of the Defendant Funds and that all persons having an interest in the Defendant Funds be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decrees forfeiture of the Defendant Funds to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper.

Dated: New York, New York
      August 2, 2021

                              AUDREY STRAUSS
                              United States Attorney
                              for Plaintiff United States of America

By:    _____
      KIERSTEN A. FLETCHER
      Assistant United States Attorneys
      One St. Andrew's Plaza
      New York, New York 10007
      Kiersten.Fletcher@usdoj.gov
      (212) 637-2238

# **VERIFICATION**

STATE OF NEW YORK            )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK   )

      ELVIS PALISKA, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury that he is a Supervisory Special Agent with the Internal Revenue Service, Criminal Investigation; that he has read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the best of his knowledge, information and belief; and that the sources of his information and the grounds of his belief are his personal involvement in the investigation, and conversations with and documents prepared by law enforcement officers and others.

Executed on July 28, 2021.

_____
ELVIS PALISKA
Supervisory Special Agent
Internal Revenue Service,
Criminal Investigation